In re Estate of Christ K. Haga.

No. 45363.

NOVEMBER 12, 1940.

Payne & Olson, John F. Loughlin, and Carlos W. Goltz, for appellant, Anna Haga, claimant.

Klay & Klay, for appellee, Korell Ingebrigtson, executor.

MITCHELL, J.—On April 24, 1939, Korell Ingebrigtson, executor of the estate of the deceased, Christ K. Haga, filed a final report, stating that he had made proper service of notice by publication, filed a list of beneficiaries, and describing real estate as part of the inventory, and that the decedent died testate, whose will was admitted to probate December 17, 1937, and that the decedent left no spouse, and that he was divorced from the appellant, Anna Haga, and there had been a property settlement, and she had lost her dower interest in the real estate. The sons of the deceased and Anna Haga were listed, stating that they were each entitled to $1.00, and that a nephew, of the age of 36 years, had received the remaining assets, as shown by his receipt, and there was nothing further to be done.

The will of the deceased, Christ K. Haga, provided that the just debts and funeral expenses should be paid and that his executor should take the sum of $500 to purchase a suitable monument for his grave, and that his son Conrad Haga should receive the sum of $1.00, and that his son Roy Haga should receive the sum of $1.00, and that the divorced wife, Anna Haga, the appellant, should receive the sum of $1.00, and that the appellee, Korell Ingebrigtson, should receive the remainder of his property and should serve as executor of the estate without bond.

An order fixing time for hearing was made with a provision for service, and the said Anna Haga filed her claim and exceptions and objections to final report stating, among other things, that she and the deceased were legally married and a divorce had been started but she had abandoned it, as she verily believed, upon a reformation promise, and the proceedings in Lincoln county, South Dakota, whereat the supposed action was commenced, were indefinite to determine whether or not a divorce was granted, and she had been ill, suffering from headaches and loss of memory and a fraud had been committed, and that the law of descent and distribution had been violated and she had been denied her rights. That she further recited the time and place of her marriage and the subsequent insanity of the said deceased, Christ K. Haga, and that there was other property in the estate, and that an accounting should be had to determine the extent and amount thereof, and an order made requiring the same. She prayed that such rights as she might have as a widow be ascertained and that the executor be required to account, and no distribution be made until the rights of all the parties in said estate be determined.

The executor by his answer denied everything, and stated that the decedent and the claimant were married on October 12, 1904, in Lincoln county, South Dakota; that claimant commenced a divorce suit, and a decree of divorce and judgment was entered by the court. That judgment for alimony in the amount of $8,500 was rendered in her favor. That said amount was paid by deceased and receipt of same was acknowledged by claimant. That she is now estopped from claiming a distributive share. The lower court sustained the contention of the executor and approved the final report. Anna Haga has appealed.

The facts and record in this case are very unusual. A contest of the will of Christ K. Haga was before this court a few years ago. See In re Estate of Haga, 222 Iowa 1313, 271 N. W. 296.

It is stipulated that the deceased, Christ K. Haga, married the claimant and objector, Anna Haga, on the 12th day of October, 1904, in Lincoln county, South Dakota. The record shows without any question that the appellant commenced an

action for divorce and custody of their children. That she was represented by an attorney and that Christ Haga was represented by an attorney. That the court found in favor of the appellant, entered a decree of divorce, and judgment for alimony in the amount of $8,500. That the records of the circuit court of Lincoln county, South Dakota, in the case of Anna Haga as plaintiff v. Christ K. Haga, defendant, disclose that the following papers were on file in the office of the clerk of said court, namely: findings of fact and conclusions of law; judgment and satisfaction of judgment. The findings of fact and conclusions of law showed that they were rendered by the circuit court of the second judicial circuit in and for Lincoln county, South Dakota, by Joseph W. Jones, as judge, and filed in the office of the clerk on January 23, 1917. The satisfaction of judgment showed that it was signed by Anna Haga on the 29th day of January, 1917. Between the time of the trial of the will contest and this case certain parts of the file were lost or disappeared, and the appellant's claim is based on the fact that there is nothing in the record to show that the signature to the divorce decree was genuine and the filing stamps were placed upon various records on the dates that said instrument showed they were filed. Appellant offered no evidence that the signature was not genuine, nor that the date as shown on the instrument was not the date that said instrument was filed.

The appellant in this case is now attempting to attack collaterally the decree of divorce, which she herself obtained. The question of impeaching a judgment in a collateral attack has been before the courts in many instances and the exceptions to that rule of law are rare indeed and it is only under very extraordinary circumstances that it will be permitted.

In King City v. Southern Surety Company, 212 Iowa 1230, at page 1244, 238 N. W. 93, at page 99, paragraph 3, the rule is ably stated and we quote from the opinion:

" 'It is an established rule that the verity of the record and the validity of a judgment of a superior court of general jurisdiction cannot be collaterally impeached. * * * "The general and well-settled rule of law in such cases is that, when the proceedings are collaterally drawn in question, and it ap-

pears on the face of them that the subject-matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding, either before the same court, to set them aside, or in an appellate court.'' ' ''

Applying the above rule to the instant case it would be necessary for the objector, Anna M. Haga, to show that the circuit court of the state of South Dakota had no jurisdiction to try a divorce action. No such proof was furnished. Or in extreme cases it might be shown that no proper notice had been served and that the court had no jurisdiction of the persons to the litigation. The record is conclusive that both parties were in open court, both represented by attorneys, resulting in a decree of divorce, which decree she now says is not binding on her without any definite reason given therefor.

It is the contention of the appellee that Anna M. Haga is absolutely estopped from questioning the validity of her divorce proceeding because she herself was the plaintiff, or the moving party in the action. The receipt, Exhibit C, carrying the signature of Anna M. Haga, acknowledged before a notary public, was not denied by her nor could it very well have been questioned by her. Having been the plaintiff and having received all of the benefits accruing to her out of the action she is now absolutely estopped to even question the jurisdiction of the court which granted the relief.

In Ellis v. White, 61 Iowa 644, 646, 17 N. W. 28, 30, in division III of the opinion the court fairly states the law involved when it says:

''She authorized her attorney to prosecute the case, and received the money allowed her by the decree. She is estopped now to insist on the want of jurisdiction of the court. After she has enjoyed the benefits she sought and gained from the decree, she will not be heard to claim that it is void for want of jurisdiction.''

So in the case at bar appellant commenced the divorce action, both sides were represented by attorneys, there was a trial and she was the successful party. In addition to the divorce decree, she received a judgment for the sum of $8,500, which

amount was paid to her and she receipted for same. Mrs. Haga does not deny any of these facts, and admits she received the money. She never saw Mr. Haga after the day the divorce decree and judgment for alimony were entered. She had no interest in him during his lifetime, and under this record she was not entitled to any interest in his estate after his death.

The lower court was right, and its judgment and decree are affirmed.—Affirmed.

RICHARDS, C. J., and HAMILTON, SAGER, HALE, BLISS, STIGER, and MILLER, JJ., concur.