**SUGG v. SUGG.**

No. 4076.

Court of Civil Appeals of Texas. El Paso.

April 24, 1941.

Rehearing Denied May 15, 1941.

County, Texas, Sixty-fifth Judicial District, against Webb Pratt Sugg, as defendant. The purpose of the action was to set aside a judgment of divorce theretofore entered by that Court on the 10th day of June, 1936, wherein Webb Pratt Sugg, as plaintiff, recovered a decree for divorce from Viola Sugg, as defendant. The trial of this cause was before a court and jury, submission upon special issues, judgment entered thereon in favor of the defendant.

Plaintiff here, as showing the invalidity of the decree assailed, alleged that at the time of his exhibiting the petition the defendant here had not been a bona fide inhabitant of Texas for a year, nor had he resided in El Paso County for six months next preceding the filing of his petition; that in order to obtain the decree defendant here (plaintiff there) had knowingly offered false and perjured testimony as to his bona fide inhabitancy and his residence in El Paso County; that the decree was granted on such false and perjured testimony; that such conduct constituted fraud on the court rendering the decree and a fraud on the plaintiff here.

Plaintiff, as an explanation or justification for her failure to appear in the trial of the cause in which the judgment assailed was rendered, averred that it was represented to her by the defendant here that if she did not sign a waiver of citation in the suit, he would obtain a divorce in Mexico without notice to her, and that if he did procure a Mexican divorce she would receive nothing from him and get no part of the joint property; that she was ignorant in this matter and relied and believed that her husband would carry out his threats with reference thereto; and that also he induced her to enter into a contract in substance as follows: That beginning with May 1, 1936, he was to pay her one hundred dollars per month so long as she lived and remained unmarried; that he would share equally with her any income derived from certain oil land investments; that he would have necessary changes made in his life insurance policy so that she would have half the same in the event of his death. All of this in consideration that she was not to contest or interfere in any manner with his pending divorce action.

Fairly deducible from her averments is that she believed his statements as to the Mexican divorce, and coerced by his threats she signed the contract above summarized and refrained from contesting the above

R. E. Cunningham and Alex Silverman, both of El Paso, for appellant.

R. P. Langford and Travis White, both of El Paso, for appellee.

PRICE, Chief Justice.

Viola Sugg, as plaintiff, instituted this action in the District Court of El Paso

divorce action. Her petition likewise set up that she had a good defense to the charges made in the petition for divorce against her.

The defendant here answered by general denial, special denial as to his testimony at the former trial being false; further, that throughout the proceedings leading up to and culminating in the judgment assailed the plaintiff had been represented by counsel, and voluntarily entered her appearance in the action; that her attorneys approved the form of the judgment entered; that under the agreement and property settlement he has paid her several thousand dollars; that he paid her one hundred dollars a month from May 1st until his employment and financial condition made it impossible to make such payments, and thereafter paid her sixty dollars a month; that these payments had continued up to March 1, 1940, when it became impossible by reason of his financial condition and lack of employment to continue the payments; that about five months after the last payment she filed this action; that he married subsequent to the decree assailed and as the result of said marriage has a child; that if any fraud was committed the plaintiff was a party thereto, and that plaintiff did not come into court with clean hands, and was guilty of laches in failing to assail the decree until after three years had passed.

Plaintiff by supplemental petition urged a special exception to the allegation that defendant is now married and has a child of this marriage. The court overruled this special exception, and plaintiff in the judgment duly reserved exception thereto.

The court submitted an issue as to defendant's bona fide inhabitancy of the State at the time of the exhibiting his petition in the divorce case, which the jury answered in the defendant's favor; an issue as to his continuous residence in El Paso County for the six months next preceding the filing of his petition in the divorce case, which the jury answered in favor of the plaintiff here; found that he did not represent to plaintiff that he would obtain a decree of divorce in Mexico with prejudice to plaintiff's property rights and without notice to her if she contested the divorce case; found that if she had contested the divorce case decree of divorce would not have been granted; found that she had not used due diligence in filing suit to set aside the divorce decree of June 10, 1936.

The finding of the jury as to the requisite residence of the plaintiff to entitle him to obtain the decree of divorce entered on June 10, 1936, perhaps renders unnecessary the finding as to being a bona fide inhabitant or resident of the State for one year before exhibiting the petition. If this had been the finding on the trial in which the judgment assailed was rendered the court would not have rendered the decree, but would have simply dismissed the action. There is evidence in the record in the trial here sustaining the finding that plaintiff had not resided in El Paso County for six months or more elapsing next preceding the filing of the petition in which the decree was entered on June 10, 1936.

The issue as to defendant's testifying falsely on the trial of the divorce case was not submitted, and same was not requested to be submitted. We do not think it follows as a necessary conclusion that, even though plaintiff had not resided in El Paso County for the required time as testified in the cause, he introduced perjured testimony or gave perjured testimony in the trial of that case.

■ The basic question of this appeal is as to whether plaintiff made sufficient showing by pleading and proof to entitle her to attack the judgment. In order to set aside a judgment by a court of competent jurisdiction where complainant has appeared in the case prior to the rendition of the judgment, it must be shown that complainant has a good defense to the action and was prevented from presenting same by fraud, accident or mistake, and was without negligence in the matter of so failing to present such defense. Goss v. McClaren, 17 Tex. 107, 67 Am.Dec. 646; Overton v. Blum, 50 Tex. 417; Harn v. Phelps, 65 Tex. 592; McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Stone v. Stone, Tex.Civ.App., 101 S.W.2d 638.

This well established principle applies to a judgment in an action for divorce as well as to all other actions where there is jurisdiction. Wagley v. Wagley, Tex.Civ.App., 230 S.W. 493; McMurray v. McMurray, supra.

The only justification for plaintiff's failure to appear in the divorce action and urge her defense was submitted by Special Issue No. 3, as follows: "Do you find from a preponderance of the evidence that the defendant, Webb Pratt Sugg, represent-

ed to plaintiff, Viola Sugg, that he would obtain a decree of divorce in Mexico, with prejudice to plaintiff's property rights and without notice to her, if she should contest a divorce in El Paso County, Texas?"

The jury answered: "No."

Issues four and five were unanswered, as their answer was conditioned upon an affirmative answer to No. 3. Four and five submitted the issue as to whether the statement amounted to duress, and, if so, as to whether such duress prevented her from appearing and contesting the action.

Unquestionably, we think that duress, if established, would be such fraud as would support an attack on a divorce decree.

Plaintiff here does not assail the form of special issue number three.

There is no error assigned as to failure by the court to submit other elements of plaintiff's case as to her justification for her failure to appear and contest the divorce action or seek relief by a motion for new trial before the term adjourned.

The verdict unquestionably established one essential element necessary for plaintiff to establish in order to successfully prosecute her cause of action. She established that she had a good defense to the cause of action asserted by the defendant here as plaintiff in the original suit. This, however, was but an element of her cause of action. A judgment may be erroneous and still not be subject to attack by bill of review. An erroneous judgment should ordinarily be directly attacked by motion for new trial or by an appeal.

The finding, as has been noted, was against plaintiff on her allegation that she was prevented from urging her defense on the original trial by fraud, accident or mistake. This was as essential to the establishment of her cause of action as the establishment of the fact that she had a good defense to the asserted cause of action.

There is evidence in the record that she freely assented to the rendition of the judgment and cooperated with the defendant in obtaining same. At least she waived service of citation and caused her written appearance to be entered in the cause. It further appears that she had the advice of counsel before her acceptance of service; before its entry the judgment was submitted to her counsel and same was modified to meet their demands on her behalf.

For a considerable length of time she received the fruits of her contract with reference to the divorce. It is not contended here by plaintiff that the finding as to her failure to establish fraud as alleged is unsupported by the evidence. Plaintiff testified as to defendant's representations to her in regard to his obtaining a Mexican divorce. Defendant denied entirely making these representations. Plaintiff admits that she did not communicate same to her counsel. In our opinion the evidence is ample to sustain the findings of the jury. It may be sufficient to estop her as a matter of law from attacking the judgment. Moor v. Moor, Tex.Civ.App., 63 S.W. 347.

Our holding that plaintiff did establish a good defense renders it unnecessary, we think, to discuss certain other assignments relating to the refusal by the court to give certain definitions with reference to the bona fide inhabitancy of defendant in the State; renders it unnecessary, likewise, to discuss the errors assigned as to the court submitting certain elements of the issue of bona fide inhabitancy.

Complaint is made as to the court's overruling a special exception to defendant's answer challenging the allegation in substance that defendant, in reliance on the assailed decree, had married subsequent thereto and that a child had been born of said marriage. The second wife of defendant was not a party to this action. Although not a party, she was vitally affected by the decree rendered. The status of the defendant depended on the validity or invalidity of the assailed decree. His status was or might be a constituent element of the status of the second wife. Plaintiff is here seeking equitable relief. To bar such relief defendant has a right to show the effect of granting same, not only how he would be affected, but as to another. He was the husband of the party to be so vitally affected. In resisting a change in his status he was not only fighting his battle, but the battle of the woman who then claimed to be his wife. In our opinion the second wife would have been a proper party at least to this proceeding. In the case of Eldridge v. Eldridge, Tex.Civ.App., 259 S. W. 209, the second wife was made a party. Such a practice we deem proper, prudent and commendable. In our opinion it was not error for the court to overrule the exception of plaintiff and to permit defendant to plead the equity of his then wife.

Bearing some relationship to the assignment just considered is the assignment that the court erred in failing to exclude from the courtroom during the trial the second wife and the minor child of that marriage. Her exclusion was sought in two ways: first, by request to the court, which was refused; then by causing her to be sworn as a witness and demanding the rule. The court declined to put her under the rule. She remained in the courtroom throughout the trial. During the course of the trial at one time she was moved to tears.

The discretion of a trial court is broad, and in the conduct of the trial we know of no rule authorizing the court to exclude one as a spectator on the sole ground of an interest transcending mere curiosity. For that matter, we know of no rule permitting the exclusion of one whose only interest is curiosity, except young and immature persons whose moral outlook might be impaired by the nature of the proceedings. This, regardless of the effect their presence may have on the jury, if there is absent all evidence of any intent on the part of such person by some overt act to influence the jury or in some way interfere with the proper and orderly conduct of the trial. Our courts are open. This is one safeguard of their integrity. Had plaintiff intended to use her as a witness, it is difficult to see how the fact that she then claimed to be the wife of the defendant could have been kept from the jury. The matter of the exclusion of a witness from the rule is addressed in a large measure to the sound discretion of the court. Here we think no abuse is shown. In fact, taking into consideration the interest of the witness in the proceedings, it might have been an abuse of discretion to place her under the rule.

It is shown by bill of exceptions that plaintiff offered in evidence the deposition of Frank J. Duffey, Esq.; that Mr. Duffey was a member of the law firm that advised plaintiff with reference to the divorce suit. When the deposition was offered plaintiff objected to the testimony on the ground that it was a privileged communication between attorney and client. The objection is very general in character and in a way seems to apply to the whole deposition. The objection was overruled by the court. It may be that the objection was not sufficiently specific. However, we shall disregard this and consider the testimony admitted, which plaintiff by her brief claims probably resulted in injury. Among other things, the witness testified substantially as follows: That he knew of no fraud practiced upon plaintiff by her husband in obtaining the divorce; during the times he spoke to her she seemed to be in a normal condition both mentally and physically. The fraud relied upon by plaintiff was as to the threat to obtain the Mexican divorce without notice and the assurance that this would deprive her of any interest in the property. She testified that this she did not communicate to her attorneys. It would have seemed improbable that had she done so she could have been coerced as she alleged. In substance the testimony corroborated her testimony as to being coerced. If not corroborated, in any event it gave a reason why it was possible for her to have been so coerced. If there was error in admitting this testimony, in our opinion, its effect could not have damaged plaintiff.

The state of her health had evidential value in respect to the probable or possible effect of the alleged fraud or duress. Unless the alleged fraudulent conduct of defendant was shown to have a basis in fact, the testimony was entirely immaterial. Plaintiff here did not allege a legal incompetent act, as was in the case of Gulf Production Co. v. Colquitt, Tex.Civ. App., 25 S.W.2d 989; Colquitt v. Gulf Production Co., Tex.Com.App., 52 S.W.2d 235. She offered the testimony to show that her mental and physical condition were such as to make her an easy victim of the alleged fraud. Its sole effect, judged in retrospect, was to contradict her on an immaterial matter.

In our opinion the objection to the particular testimony quoted in substance should have been sustained, but that its admission, in view of the entire record, does not constitute reversible error.

One other matter perhaps should be noted. Plaintiff requested and the court refused a charge as follows: "You are charged that your verdict in this cause, one way or another, will not in any way affect the legitimacy of the child born of the subsequent marriage of Webb Pratt Sugg."

In this refusal we think there was no error. This question was not raised by the evidence, and there is no showing that it was discussed in the course of the trial. In our opinion it would have been a sug-

gestion to the jury that in their discretion they might take into consideration the effect of their findings.

We find no reversible error in the case, and same is accordingly affirmed.