## Eversole v. Smith et al.

Feb. 13, 1942.

W. C. Eversole for appellant.

Napier & Napier, Calloway W. Napier, Calloway W. Napier, Jr., Roger T. Moore and R. M. Fitzpatrick for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Lincoln Eversole, at the time of his death, intestate, on June 29, 1938, was a resident in and a citizen of Perry County. He was about 76 years of age and resided alone upon a tract of land containing about 500 acres which he claimed as his own. He left no children or descendants and his wife died many years before he did. Some relatives (nieces and nephews) residing near his home, contributed to his welfare by looking after and waiting upon him in his physical afflictions, and in taking care of his household, including cooking and preparing meals, as well as nursing and caring for him in his afflicted condition. In 1934 he was stricken with paralysis of his right side, from which he recovered to some extent, but later on there developed a cancer on his face which finally produced his death.

One of the relatives who administered to his needs— and especially as nurse—was the appellant, Isaac Eversole, who with his family resided some 250 or 300 yards from his uncle. The family of Isaac Eversole also contributed their part in serving their aged relative. Lincoln Eversole, before his death, told a number of neighbors that he intended his nephew (appellant) to have his property after his death in consideration of the kindnesses and the character of services rendered by the nephew and the members of his family. On December 10, 1936, the deceased, Lincoln Eversole, procured his at-

torney to draft a petition to be filed in the Perry circuit court in carrying out his purpose to adopt appellant as his heir, and which proceeding is provided for in Section 2071 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The following section (2072) makes provision for the adoption of infants, including the right of custody of the adopted infant or infants, so as to make them members of the adopter's family as well as heirs entitled to inherit his property. The entire adopting statutes as embodied in the two sections referred to—and others contained in the same Article—were amended at the 1940 session of our Legislature by Chapter 94, page 376, of the Session Acts for that year, and which amendment became effective June 12 of that year and now appears in the February, 1941, number of Baldwin's Kentucky Statute Service as Sections 331b-3 et seq., in that service number. The amendment, however, did not alter or change the proceedings for the adoption of one (either adult or infant) as the heir of the adopter, and where no right of custody is involved. However, this appeal must be governed by the statute as it existed before the amendment referred to, since all the actions involved occurred prior thereto.

After the petition of Lincoln Eversole was prepared and subscribed by him and by his attorney, it was delivered to him by the latter and he kept it until June 9, 1938, when he returned it to his attorney with directions for the latter to file it in the Perry circuit court and to obtain the requisite order of adoption. On the same day the attorney complied with the request by filing the petition as directed by his client, and on June 25 thereafter the court entered judgment which recited the filing of the petition, its submission to the court, and then adjudged "that Isaac Eversole be, and he is the adopted legal heir of Lincoln Eversole and the clerk of this court is now ordered and directed to record this judgment." Four days thereafter Lincoln Eversole died, as we have hereinbefore stated, and during an extension of that term, and on June 15 of the same year, Susie Baker and Preston Eversole—a sister and brother of the deceased, Lincoln Eversole—entered their motion to set aside the adopting order, in which they alleged that they were "the sole heirs and representatives of the deceased Lincoln Eversole." As such they made their motion, setting forth five grounds therefor which were, (1) that Lincoln Eversole never subscribed the alleged adopting

petition and that his subscribed name thereto was not in his handwriting; (2) that at the time of the filing of the petition and the rendition of the judgment, the petitioner was old and infirm and was diseased with a cancer of several years' duration which incapacitated him from knowing and understanding the consequences of his act; (3) that the adopting proceedings, as well as the judgment rendered therein, was procured by fraud and for the purpose of divesting the movants, Susie Baker and Preston Eversole, "of their interest in the property of the deceased"; (4) that the statute was not complied with and because of which the entire adopting proceeding was void; and (5) that the adopting petition did not expressly state that the petitioner was 21 years of age.

In his response to that motion appellant, Isaac Eversole, denied each and every ground relied on by the movants, and the parties thereafter took their proof by depositions. Upon final submission the court, on September 26, 1938, sustained the motion and set aside the adopting order and dismissed the adopter's petition from which judgment this appeal is prosecuted.

The record brought to this court is most unique and much confused in more respects than one. It purports to prosecute other appeals from judgments rendered in alleged consolidated proceedings pending in the trial court other than the adopting proceedings above referred to; but, none of the pleadings nor any of the proof in any other proceeding is contained in the record, except a petition by Lincoln Eversole against McKinley Combs in which the plaintiff seeks to set aside a deed purported to have been executed by him whereby he conveyed all his landed estate to McKinley Combs on October 13, 1937, and which, it was charged in the petition, was a forgery and was never in fact executed by the alleged grantor, the plaintiff in that petition. However, there is no other pleading or order in that case brought here and whether or not there has ever been a judgment rendered in it is entirely undisclosed by anything appearing in the record, although, as we have seen, it purports to be an appeal also from the judgment rendered in that case. It likewise purports to be an appeal from a judgment rendered in a case of Isaac Eversole against Pearl Smith and wife, and there is contained in the record a judgment rendered in a case of that style, and from it we gather that Lincoln Eversole in his lifetime either

executed, or was alleged to have executed, a deed to Pearl Smith and wife for 25 acres of land which Isaac Eversole, after the death of his uncle—and as the latter's adopted heir—sought to set aside for grounds undisclosed by the record. However, there is not a line or word of pleading in any such action contained in the record before us, nor is there any evidence relating to any such case, and likewise, none relating to the action of Lincoln Eversole against McKinley Combs. The condition of the record as so disclosed creates a more or less puzzling situation as to the character of order that we should make with reference to the alleged appeals in the cases referred to, other than the one appealing from the orders of the court with reference to the adoption proceedings. However, since there is neither pleading nor proof with reference to such alleged consolidated cases, we have concluded to dismiss without prejudice the alleged appeals with reference to those cases, which is now done, and to confine this opinion to a determination of the appeal relating to the adoption proceeding. Appeals from any such judgments may yet be taken if done in time.

In determining the appeal in the adoption proceeding we encounter the same paucity and looseness of preparation to which we have referred touching the pleadings, orders and steps in the other cases mentioned. However, the proof on the part of the appellant as the adopted heir contradicted each and every ground relied on by appellees to set aside the adopting order, except the one that the adopting petition did not expressly state that the petitioner was 21 years of age. It is thoroughly shown that the petitioner signed his petition; that he requested his attorney to file it, and frequently expressed a determination to do so in order to make his nephew his legal heir for the reason hereinbefore stated—and which he expressly incorporated in his petition. The burden was on movants to sustain their grounds (they being denied), one of which was the petitioner's mental infirmities; but they introduced no witness in substantiation thereof, and the proof of appellant showed that petitioner was in possession of his mental faculties and knew the consequences and effects of the adoption proceedings he contemplated filing. No specific defect in that proceeding is pointed out or suggested, either by any pleading, or in briefs of counsel save and except the failure of the petition to expressly allege that the petitioner was 21

years of age. The requirement that the petitioner should be an adult is not conceived by us to be a jurisdictional fact necessary to be stated in an adopting petition. It is only a requisite fact, qualifying the petitioner to exercise the right conferred by the statute, and is not a jurisdictional requirement. But, if it were essential to the rendition of judgment by the court, the presumption would be that the fact of the necessary age of the petitioner was ascertained by it before rendering any judgment, and anyone who desired to attack the judgment should allege the fact of infancy of the petitioner and to prove it if denied; but no effort was made in this case by movants, and appellees here, to show that petitioner in this case was not an adult. On the contrary, no one disputed but everyone admitted that he was 74 years of age when the adopting proceeding was instituted and when the judgment therein was rendered.

In the case of Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678, the adopting petition did not state the name of the court to which application was made, nor did it state the residence in the county of the petitioner, but each of those objections were overruled by this court as ineffective upon the legality of the proceedings. The bulk of the testimony brought to this court has but little, if any, bearing upon the issues involved in the adoption proceedings, or the motion of appellees to set aside the order rendered therein. The small amount of evidence directed to such issues was furnished entirely by the appellant, the appellees introducing none whatever to sustain the grounds of their motion. The immaterial testimony consisted in references to other litigations, some of which we have referred to, and to the character of attention and services given and performed by the appellant to his deceased uncle, and likewise similar services performed by others. The petition—with the single omission referred to—was in strict conformity with the statute, and the adopting judgment was and is in due form. The provided proceeding is strictly ex parte and no material defect therein has been pointed out to us, nor are we able to discover any.

It follows, therefore, that the court erred in sustaining appellee's motion to set aside the order of adoption of appellant by his uncle, Lincoln Eversole, and also erred in dismissing the latter's petition to adopt appellant as his heir.

510

Wherefore, for the reasons stated, the judgment is reversed with directions to set it aside and to overrule the motion of appellees to set aside the adopting order; also to set aside the order dismissing the adoption petition of Lincoln Eversole, and to restore the judgment of adoption as rendered by the court on June 25, 1938, and for such other orders as may be proper, but not inconsistent with this opinion.