## Eversole v. Smith et al.

March 14, 1944.

J. B. Eversole for appellant.

Napier & Napier for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

This action was filed by the appellant as a declaratory judgment action, seeking a declaration of rights as to his title to a tract of land containing twenty five acres and further praying the quieting of his title thereto. From a judgment sustaining a demurrer to the petition and dismissing it this appeal is prosecuted.

The facts alleged in the petition are, in substance, as follows: The appellant is the adopted son of Lincoln Eversole, to whom the land was conveyed for life, with remainder to his heirs. Lincoln Eversole died in 1938 leaving the appellant as his only heir at law. In 1939 in an action to settle the estate of Lincoln Eversole, to which action the appellant was a party, it was adjudged that Lincoln Eversole had conveyed the land, by a deed which had been lost, to the appellees, Pearl Smith and Eliza Smith, and that they were the owners and fee simple title holders of the land pursuant to the lost deed. The master commissioner was ordered to execute deed to them, and this was done.

It was alleged that the judgment and deed executed pursuant thereto were void because Lincoln Eversole owned only a life interest in the land, the appellant being the owner of the land under the deed conveying it to Lincoln Eversole for life, with remainder to his heirs. The prayer of the petition was that the judgment and deed be declared void and that the plaintiff be adjudged to be the owner of the land.

It is at once apparent that the petition stated no cause of action, since it shows on its face that it is nothing more than a collateral attack on the judgment adjudging the appellees to be the owners of the land. Although Lincoln Eversole may have owned only a life estate in the land under a correct interpretation of his deed, and although the appellant might, as heir at law of Lincoln Eversole by adoption, have been entitled to the remainder pursuant to the Lincoln Eversole deed, nevertheless, in an action between the present parties, a judgment was rendered adjudging the appellees to be the owners of the land in fee simple. That judgment not only adjudged that Lincoln Eversole had conveyed the

land to the appellees but further adjudged that by such conveyance they became the fee simple owners thereof. All questions raised in the action, or that might have been raised, affecting the title to the land, including the question whether the appellant, as the adopted son of Lincoln Eversole, became vested with title under the deed conveying the remainder interest in the land to Lincoln Eversole's heirs, were concluded by the judgment as between the appellant and the appellees. The appellant's only relief from the judgment was by a direct appeal therefrom. The judgment was not void but, at most, erroneous, since the court in which it was rendered had jurisdiction of the subject matter and the parties.

As a matter of fact, an abortive appeal was taken from the judgment, as will be seen by reference to the opinion in Eversole v. Smith, 289 Ky. 504, 159 S. W. (2d) 35, in which we held that the appellant was the legally adopted son of Lincoln Eversole but in which the attempted appeal from the judgment awarding the land to the appellees was dismissed without prejudice. For some reason no appeal was later perfected and the present action merely presents as a collateral attack on the judgment such questions as might have been raised by appeal therefrom. Clearly, this cannot be done. Relief from the judgment could be obtained only by a direct appeal therefrom, not by a collateral attack such as this.

Judgment affirmed.