ENRIQUE RODRÍGUEZ, demandante, contrademandado y apelante v. CABMEN C. ALBIZU, demandada, contrademandante y apelada.

Número 11197.
*Sometido:* 3 de mayo de 1954. *Resuelto:* 28 de mayo de 1954.

632

*José I. Fernández Segarra,* abogado del demandante, contrademandado y apelante; *Charles Cuprill,* abogado de la demandada, contrademandante y apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

En diciembre de 1951, Enrique Rodríguez instó demanda de divorcio, por la causal de abandono, contra su esposa Carmen C. Albizu ante el anterior Tribunal de Distrito, Sección de Ponce. La demandada no contestó en tiempo y le fué anotada la rebeldía. Posteriormente dicha demandada radicó una contestación negando el hecho del abandono y a su vez interpuso contra-demanda, alegando la causal de trato cruel e injurias graves de parte de su esposo hacia ella. Por separado radicó el mismo día una moción solicitando alimentos *pendente lite* y *litis expensa.* La corte a quo permitió la radicación de estas alegaciones, una vez que dejó sin efecto la rebeldía anotada a la demandada. Después de haberse radicado la contestación de la demandada y antes de que la corte dejara sin efecto la rebeldía que se le había anotado a ésta, el demandante presentó una moción desistiendo de su demanda. Dicho demandante no formuló alegación alguna contra la contra-demanda y como resultado, le fué anotada la rebeldía. La solicitud de alimentos *pendente lite* y *litis expensa* nunca fué vista, ni por tanto, resuelta.

Finalmente la vista del caso de divorcio fué celebrada el día 9 de enero de 1953, previo señalamiento al efecto. Aunque el demandante contra-demandado no compareció personal-

mente a dicha vista, estuvo sin embargo, representado por su abogado. Mientras la demandada contra-demandante prestaba declaración, solicitó que se condenara a su esposo a pasarle una pensión alimenticia para después del divorcio, cosas que no había alegado ni solicitado en su contra-demanda. Una vez que hubo declarado que ella necesitaba $50 mensuales como pensión, el abogado del demandante contra-demandado le repreguntó sobre los ingresos de éste.[1] Posteriormente la corte a quo dictó sentencia con los siguientes pronunciamientos: (1) declaró sin lugar la demanda por haber desistido el demandante de la misma; (2) declaró con lugar la contra-demanda en todas sus partes y en su consecuencia decretó el divorcio entre las partes por la causal de trato cruel e injurias graves del marido hacia la mujer; (3) ordenó al demandante contra-demandado a pasar a la contra-demandante, mientras ésta permanezca soltera, una pensión alimenticia de $40 mensuales a partir del día primero de febrero de 1953, y (4) condenó al contra-demandado a pagar las costas y $100 para honorarios de abogado.

La sentencia así dictada fué debidamente notificada al abogado del demandante contra-demandado. Éste no solicitó

---

[1] La repregunta fué como sigue:

"Lic. Fernández Segarra: Quería preguntarle sobre los ingresos de él. ¿Señora, usted no sabe cuánto gana?—Gana alrededor de ciento cincuenta dólares.

"¿Cree que gana eso?—Sí.

"¿Usted sabe si él tiene deudas?—No, señor.

"¿Nunca se enteró si él tiene deudas?—No, señor.

"¿Y dónde vive él?—En la calle Mayor 14.

"¿Aparte de usted?—Sí.

"¿Mayor 14?—Sí.

"¿De Ponce?—De Ponce.

"¿Quién paga esa casa?—La casa es de la hermana de él. Él no tiene que pagar casa.

"¿Es propiedad de una hermana de él?—Sí.

"¿Pero usted sabe si él le paga a su hermana por vivir allí?—Yo creo que no.

"¿Y dónde come y almuerza y duerme?—En la casa de su hermana.

"¿Usted sabe si él paga allí, por comer, almorzar y dormir?—Yo creo que no paga.

"¿Le dan comida gratis?—Como es su hermana.

"Nada más."

su reconsideración, no interpuso recurso de apelación ni solicitó que se dejara sin efecto o se anulara, por lo que dicha sentencia se convirtió en firme y ejecutoria. Sin embargo, dicho demandante contra-demandado no cumplió con la sentencia en tanto en cuanto le imponía la obligación de pasar una pensión alimenticia a la contra-demandante y entonces ésta solicitó que aquél fuera citado por desacato. Así lo ordenó la corte a quo y en la vista celebrada el contra-demandado impugnó por varios motivos la validez de la sentencia de divorcio en cuanto disponía el pago de una pensión alimenticia. Desestimó el tribunal sentenciador todas las objeciones levantadas por el querellado y dictó resolución decretando que el querellado depositase en la secretaría del tribunal, dentro de 30 días, los $100 para honorarios de abogado, $240 de pensiones atrasadas y además que continúe el pago de la pensión durante todos los meses subsiguientes y hasta ulterior orden del Tribunal, so pena de ser castigado por desacato.

Contra esta resolución es que se ha interpuesto el presente recurso de apelación.

Alega ahora el apelante que la corte sentenciadora cometió error (a) al mezclar, indebida e ilegalmente, con su sentencia de divorcio, la fijación de alimentos a pesar de que la contra-demandante no los alegó ni solicitó en su contra-demanda; (b) al imponer, en abuso de su discreción, el pago de costas y honorarios en dicha sentencia de divorcio, y (c) al asumir jurisdicción sobre la persona del demandante contra-demandado para condenarle al pago de alimentos, costas y honorarios de abogado en el caso de divorcio.

Tal vez este señalamiento de errores sería propio en un recurso de apelación contra la sentencia de divorcio, mas no así contra la resolución dictada por la corte a quo en el incidente sobre desacato. De todos modos, el apelante suscitó en el mencionado incidente, fundamentalmente las mismas cuestiones que ahora plantea ante nos. La corte sentenciadora resolvió que las objeciones levantadas por el apelante contra la sentencia de divorcio en el incidente sobre desacato constituía

un ataque colateral a dicha sentencia, y que el apelante estaba impedido de hacer tal cosa.

Un ataque directo es aquél que dentro del mismo pleito se hace a la sentencia mediante cualquiera de los procedimientos autorizados por ley, como por ejemplo a través de apelación, moción de nuevo juicio o moción de reconsideración, siempre desde luego que tal ataque se haga dentro del período de tiempo fijado por la ley, que si el ataque se hace en cualquiera otra forma, bien sea en procedimiento independiente, ante otra corte o fuera del término concedido por la ley, ese ataque se considera como colateral. *Pérez* v. *Tribunal de Distrito*, 70 D.P.R. 656; *Intermill* v. *Nash*, 75 P.2d 157; *Broyhill* v. *Dawson*, 191 S.E. 779; *Thompson* v. *Short*, 106 P.2d 720; *In re Peterson's Estate*, 123 P.2d 733. Véase además, Freeman *on Judgments*, vol. 1, 5ta. ed., secs. 306 y 307, pág. 604; 49 C.J.S., pág. 805, sec. 408; *Restatement of the Law on Judgments*, sec. 11, pág. 65. Se ha sostenido que todo paso legal, de cualquier naturaleza que éste sea, dado para obtener la ejecución de una sentencia o para obtener los beneficios en ella concedidos, es hasta cierto punto, colateral a la sentencia y que cualquier cuestión invocada en tal procedimiento como fundamento para que se anule la sentencia, se interpone por vía de ataque colateral. Así, cuando una parte no cumple o rehusa cumplir con los términos de una sentencia y es citada en desacato por tal incumplimiento, su ataque a la validez de la sentencia dentro del procedimiento de desacato, se considera como un ataque colateral. 1 Freeman *on Judgments*, pág. 625, sec. 311 y casos citados como ilustración de tal doctrina al escolio 9 de dicha sección; 49 C.J.S., sec. 409, pág. 813; *Restatement of the Law*, ob. cit., pág. 68.

Este Tribunal ha dicho que la esposa a cuyo favor se dicta una sentencia de divorcio a la cual se ha incorporado una disposición concediéndole una pensión alimenticia, tiene dos maneras para obligar su cumplimiento: "La primera es el castigo por el Estado por dejar de cumplir la sentencia de

la corte; la segunda es el pleito entablado por la esposa en cobro de mensualidades." *Valdés* v. *Hastrup*, 64 D.P.R. 595.

También resolvimos en ese caso que no procedía, bajo las circunstancias que concurrían en el mismo, un ataque colateral a la sentencia original en el pleito entablado por la mujer para el cobro de las mensualidades ya vencidas. Conforme a la doctrina que ya hemos expuesto, tampoco debe permitirse un ataque colateral a una sentencia cuando se inicia un procedimiento de desacato por el incumplimiento de dicha sentencia ya que tal procedimiento de desacato es una de las dos maneras que en casos de alimentos tiene el alimentista para lograr su cumplimiento, siempre y cuando, desde luego, que la sentencia atacada colateralmente sea válida dentro de las normas que expondremos a continuación. *Anotación en* 12 *A.L.R.* 2d 1107.

■ La regla general es al efecto de que una sentencia dictada por una corte con jurisdicción sobre las partes y la materia a menos que sea anulada o revocada mediante el procedimiento adecuado, no está sujeta a impugnación en cuanto a su validez, veracidad o efecto obligatorio por las partes o personas con nexo jurídico de interés (*privies*) en ninguna acción o procedimiento colateral excepto desde luego, cuando bajo ciertas circunstancias la sentencia se obtiene mediante fraude. Aunque la sentencia sea errónea y anulable, esto es, tan irregular y defectuosa que justifique el que se deje sin efecto o se anule si se hace una solicitud directa a ese fin, es regla general bien establecida que tal sentencia no está sujeta a ataque colateral mientras esté en vigor y no haya sido revocada. 1 Freeman *on Judgments*, sec. 305, pág. 602 y sec. 322, pág. 642; 49 C.J.S., sec. 401, pág. 792; 31 Am. Jur., sec. 576, pág. 175; *Restatement of the Law on Judgments*, sec. 11, pág. 65; *Fishel* v. *Kite*, 101 F.2d 685, *certiorari* denegado en 306 U. S. 656; *Hodge* v. *Huff*, 140 F.2d 686, *certiorari* denegado en 322 U. S. 733; *McCampbell* v. *Warrich Corp.*, 109 F.2d 115, *certiorari* denegado en 310 U. S. 631; *Walling* v. *Miller*, 138 F.2d 629, *certiorari* dene-

gado en 321 U. S. 784; *Farrell* v. *Farrell*, 10 So. 2d 153; *In re Keet's Estate*, 100 P.2d 1045; *Wells Fargo & Co.* v. *City and County of San Francisco*, 152 P.2d 625; *Scholl* v. *Tibbs*, 36 A.2d 352; *Skipper* v. *Schumacher*, 169 So. 58, *certiorari* denegado 299 U. S. 507; *State ex rel. Fulton Bag & Cotton Mills* v. *Burnside*, 15 So.2d 324; *U. S. Building & Loan Ass'n.* v. *Soule*, 68 P.2d 40; *Knaus* v. *Chicago Title & Trust Co.*, 7 N.E. 2d 298; *People ex rel. Courtney* v. *Fardy*, 39 N.E. 2d 7; *Niven* v. *Crawfordsville Trust Co.*, 26 N.E. 2d 58; *In re Haga's Estate*, 294 N.W. 589; *Mahaffa* v. *Mahaffa*, 298 N.W. 916; *Com.* v. *Miniard*, 99 S.W. 2d 166; *Eversole* v. *Smith*, 178 S.W. 2d 970; *Gumbel* v. *New Orleans Terminal Co.*, 183 So. 212, *certiorari* denegado en 305 U. S. 654; *Rowan* v. *State, to Use of Grove*, 191 Atl. 244; *Elfman* v. *Glaser*, 47 N.E. 2d 925; *Todd* v. *Todd*, 20 So. 2d 827; *Central Paving & Construction Co.* v. *Eighth & Morgan Garage & Filling Station*, 159 S.W. 2d 660; *McCormack* v. *Murray*, 274 N.W. 383; *State* v. *Patten*, 69 P.2d 931; *In re Chase Nat. Bank of City of New York*, 28 N.E. 2d 868; *Simms* v. *Sampson*, 20 S.E. 2d 554; *Kelsch* v. *Dickson*, 1 N.W. 2d 347; *Binns* v. *Isabel*, 51 N.E. 2d 501; *Lee* v. *Harvey*, 156 P.2d 134; *Linn County* v. *Rozelle*, 162 P.2d 150; *In re Re-Qua's Estate*, 18 N.W. 2d 791; *Sugg* v. *Sugg*, 152 S.W. 2d 446; *Santerre* v. *Sylvester*, 189 Atl. 159; *Buchanan* v. *Buchanan*, 197 S.E. 426; *Intermill* v. *Nash*, 75 P.2d 157; *Long* v. *Stratton*, 72 P.2d 939; *Baker* v. *Brown*, 23 N.E. 2d 710; *Bowser* v. *Tobin*, 18 N.E. 2d 773. Véanse además casos citados en 28, -5th. D., pág. 975. Este principio es igualmente aplicable a las sentencias dictadas en rebeldía. 3 Freeman *on Judgments*, pág. 2690, secs. 1296 y 1297; 31 Am. Jur. págs. 135 y 136; *Linn County* v. *Rozelle*, supra.

El apelante no cuestiona el poder de una corte a quo para conocer de acciones sobre divorcio y alimentos. Tampoco puede dudarse que en este caso dicha corte adquirió jurisdicción sobre el demandante-contrademandado por sumisión de éste al acudir a ella interponiendo la demanda. Art. 75 del

Código de Enjuiciamiento Civil. El verdadero ataque contra la validez de la sentencia se basa en que el apelante no tuvo su día en corte respecto al asunto de los alimentos. Este argumento decansa en que la contra-demanda no contiene alegación alguna respecto a los alimentos, ni éstos se solicitan en la súplica. Convenimos en que una sentencia dictada contra una parte sin ser ésta oída o sin habérsele dado una oportunidad de ser oída, no es una determinación judicial de sus derechos y en su consecuencia no merece ser respetada por ningún otro tribunal. 1 Freeman, ob. cit., pág. 666, sec. 33. Una sentencia así dictada violaría el principio constitucional del debido procedimiento de ley. De ahí que una sentencia dictada en rebeldía debe encontrar apoyo en las alegaciones y en la súplica de la demanda, sin que el remedio concedido pueda exceder de lo solicitado. Regla 54(c) de Enjuiciamiento Civil; 3 Freeman, ob. cit., pág. 268, sec. 1294; 3 Moore's *Federal Practice*, pág. 1205, sec. 54.61 y pág. 1822, sec. 55.08.

Difícilmente puede el apelante alegar que a él no se le dió la oportunidad de ser oído. Él estuvo representado en el juicio por su abogado y cuando la contra-demandante suscitó la cuestión de los alimentos que necesitaba para después del divorcio, optó por intervenir contrainterrogándola sobre los ingresos del apelante, y por ende, en cuanto a la capacidad económica de éste para pasar la pensión alimenticia solicitada por su esposa. No objetó el procedimiento seguido ni solicitó una oportunidad para presentar prueba en cuanto a la solicitud de alimentos. Al ser notificado de la sentencia tenía a su alcance varias maneras directas de atacarla, bien porque considerara insuficiente o irregular la notificación que se le hiciera sobre la solicitud de alimentos o por cualquier otra razón suficiente para tachar de errónea dicha sentencia. A lo sumo, dentro de las circunstancias de este caso, a lo más que puede aspirar el apelante es a sostener que la sentencia es errónea. Mas, según hemos visto, eso no le daría derecho a atacarla colateralmente. Algunas cortes son del

criterio que si el demandado en rebeldía no comparece al juicio y en la demanda de divorcio la mujer no solicita alimentos, la sentencia que los concede es nula porque viola el principio constitucional del debido procedimiento de ley. *State* v. *Superior Court*, 220 P.2d 1081; *Binns* v. *Isabel*, supra. Otras cortes, considerando que la concesión de alimentos es tan germana a la acción de divorcio, sostienen que tal sentencia no sería nula aunque sí errónea y por tanto anulable en un procedimiento directo, o en apelación, mas no colateralmente. *Parker* v. *Parker*, 266 Pac. 283; *Darsie* v. *Darsie*, 122 P.2d 64; *Linn County* v. *Rozelle*, supra.

De todos modos hemos resuelto que al apelante en este caso, aunque en forma irregular, se le dió la oportunidad de ser oído sobre la solicitud de alimentos, y que una enmienda a la demanda en ese sentido, aunque sea irregular, puede convertir la sentencia en errónea, mas no sería nula. Concluímos, por tanto, que el apelante estaba impedido de atacar colateralmente la sentencia que dió origen al procedimiento por desacato y que la corte a quo no cometió error al así resolverlo.

*La resolución apelada será confirmada.*