# 2007 DTA 80

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL III**

LEONARDO MALDONADO CABRERA Y SU ESPOSA EVELYN ESCANELLAS LLANOS
Demandante-Apelados

v.

D`MIMBRE SHOP, INC., EDUARDO CAMA, FULANA DE TAL, AMBOS POR SÍ Y EN REPRESENTACIÓN DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE ELLOS
Demandados-Apelantes

Núm. KLAN-2007-00242

San Juan, Puerto Rico, a 12 de junio de 2007

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Aponte Hernández y Morales Rodríguez

Morales Rodríguez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Don Leonardo Maldonado Cabrera y doña Evelyn Escanellas Llanos le alquilaron a D'Mimbre Shop, Inc. un inmueble en la Calle César González de Hato Rey. Por atraso en sus pagos de canon de arrendamiento, el matrimonio incoó una demanda de desahucio y cobro de dinero contra la corporación y sus accionistas, don Eduardo Chamah, su esposa y la sociedad legal de gananciales compuesta por ambos. Éstos contestaron la demanda, reconvinieron y solicitaron que el caso se ventilara por la vía ordinaria. El Tribunal apelado declaró sin lugar la reconvención y la *"Moción sobre Conversión Pleito por la Vía Ordinaria."* El 21 de septiembre de 2006 se celebró vista en primera comparecencia. Allí mismo, el caso quedó señalado para el 2 de noviembre de 2006 en segunda comparecencia.

El 26 de octubre de 2006, la representación legal de D'Mimbre Shop sometió una Moción Solicitando Transferencia de Vista en la que exponía lo siguiente:

"1. En la vista celebrada el 21 de septiembre de 2006, ante este Tribunal, se señaló el caso de epígrafe para vista el día 2 de noviembre de 2006.

2. Por inadvertencia en el calendario del abogado suscribiente, de donde no surgía una vista señalada previamente para el mismo día en el caso *Armando Jiménez Seda v. José Rivera Del Toro*, civil núm. l3Cl2004-00392, ante el Tribunal de Primera Instancia, Sala de San Germán. El señalamiento antes mencionado fue notificado mediante Resolución y Orden emitida por el Tribunal el 1ero de septiembre de 2006 y notificada el 5 de septiembre de 2006 (*Véase copia adjunta marcada EXHIBIT A*)

3. El señalamiento de la vista mencionada en el párrafo segundo anterior no fue anotado en el calendario del abogado suscribiente y por tal razón el día 21 de septiembre de 2006, cuando se celebró la vista en el caso de epígrafe, no aparecía anotada en el calendario.

4. Mediante Resolución y Orden fechada 13 de octubre de 2006, notificada el 18 de octubre de 2006 y recibida por el abogado suscribiente el 26 de octubre de 2006, nos pudimos percatar del señalamiento para el día 2 de noviembre de 2006 en el caso ante el Tribunal de San Germán. (*Véase copia adjunta marcada EXHIBIT B*).

5. El señalamiento de vista en el caso *Armando Jiménez v. José Rivera Del Toro*, civil núm. l3Cl2004-00392, ante el Tribunal de Primera Instancia, Sala de San Germán, es con anterioridad al señalamiento notificado en el caso de epígrafe y por tal razón tiene prioridad al señalamiento en el caso de epígrafe.

6. En adición, el señalamiento de la vista en el caso ante el Tribunal de San Germán es continuación de una vista celebrada el 31 de agosto de 2006, a la cual el abogado suscribiente no compareció porque había suscrito una estipulación que daría fin a la participación de la parte del abogado suscribiente en dicho pleito. El Tribunal emitió sentencia declarando con lugar la sentencia por estipulación. Posteriormente y en razón de una moción radicada por un tercer demandado, el Tribunal procedió a dejar sin efecto la sentencia por estipulación y ordenó al abogado suscribiente y a la parte que representa, que devolviera $15,000.00 producto de la compensación que se obtuvo producto de la estipulación firmada y señaló la vista mencionada.

7. La omisión de no anotar en el calendario la vista en San Germán para el día 2 de noviembre de 2006, es provocada porque el abogado suscribiente no estuvo presente en la vista del 31 de agosto de 2006, porque entendía que su participación en dicho caso había concluido al firmar la estipulación y que el Tribunal emitiese sentencia por estipulación, la cual luego dejó sin efecto.

8. No se había informado al Tribunal, en el caso de epígrafe, sobre el conflicto de señalamiento con anterioridad a la fecha de esta moción, porque en esta misma fecha nos percatamos de dicho hecho al recibir por correo la Resolución y Orden emitida por el Tribunal de San Germán, notificada el 18 de octubre y recibida el 26 de octubre por el abogado suscribiente.

9. Se acompañan adjunto a esta moción los derechos para solicitar transferencia de la vista, con la súplica que se devuelvan los mismos por ser justificada la solicitud.

EN MÉRITO DE LO ANTES EXPUESTO solicitamos del Honorable Tribunal sírvase declarar con lugar la presente solicitud de transferencia de vista y se informan como fechas alternas para la celebración de la misma 7, 19 y 28 de diciembre de 2006."

El Tribunal de Primera Instancia declaró con lugar la Moción. Dispuso mediante orden:

"Vista la Moción Urgente Solicitando (...) presentada el 30 de octubre de 2006, el Tribunal dispone:

*"Orden: Cancélese el sello. La moción de suspensión no cumple con los requisitos de la Regla 17 (c) de las Reglas de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. II B. Se transfiere la vista para el 17 de noviembre de 2006 a las 9:00 a.m.*

*La referida orden fue notificada a los abogados de las partes el 3 de noviembre de 2006. El 15 de noviembre de 2006, el licenciado González Maldonado presentó otra "Moción Solicitando Transferencia de Vista".* Expuso:

*"1. El Honorable Tribunal, mediante orden notificada el 3 de noviembre de 2006, recibida por el abogado suscribiente el 7 de noviembre de 2006, notificó la transferencia de la vista del 2 de noviembre de 2006 para el día 17 de noviembre de 2006.*

*2. El abogado suscribiente tiene señalada la toma de una deposición el día 17 de noviembre de 2006 al Dr. José Del Río en el caso civil núm. ISCI2004-0097(206), Primed Inc. v Dra. María de los Ángeles Ruiz, ante el Tribunal de Primera Instancia Sala de Mayagüez. La deposición del Dr. Del Río será tomada en Hormigueros (Véase Exhibit A adjunto). Dicha deposición fue acordada con anticipación a que se efectuara el señalamiento notificado por el Tribunal en el caso de epígrafe.*

*3. En la moción solicitando transferencia de vista radicada en 30 de octubre de 2006, el abogado suscribiente informó no tener disponible la fecha del 17 de noviembre de 2006, e informó tener disponibles los días 7, 19 y 28 de diciembre de 2006.*

*4. Se acompañan adjunto a esta moción los derechos para solicitar la transferencia de la vista, con la súplica de que se devuelvan los mismos por ser justificada la solicitud."*

El Tribunal declaró sin lugar la Moción. Dispuso mediante orden:

*"Vista la Nueva Moción Solicitando...presentada el 15 de noviembre de 2006, el Tribunal dispone:*

*Orden: La moción radicada (2) dos días antes de la vista es tardía. Tampoco cumple con la Regla 17(c) de las Reglas de Administración del Tribunal de Primera Instancia, como se le advirtió en la Orden del 30 de octubre de 2006. La moción sobre deposiciones no establece que haya conflicto con la hora de la vista en este caso y siendo esta la tercera vez que ha solicitud de la parte demandada se hace un señalamiento, la vista tiene prioridad sobre la deposición, sin lugar."*

Esta orden fue notificada el 16 de noviembre de 2006 al correo electrónico del licenciado González Maldonado. La vista se celebró en la fecha pautada. No compareció D'Mimbre Shop ni su abogado. En la Minuta el Tribunal hace constar:

*"A la Vista Segunda Comparecencia, compareció el Lcdo. Rolando Anglada Gil en representación de la parte demandante. No estuvo presente el demandado ni su representante legal.*

***El Tribunal hace constar que se han realizado gestiones para conseguir al Lcdo. Armando González Maldonado y nadie contesta el teléfono. Por encontrarse dirección de e-mail en el expediente se envió mensaje vía e-mail y no surge de la demanda el número de teléfono de la parte demandada. Este caso ha sido señalado en tres (3) ocasiones y la parte demandada ha solicitado suspensiones.***

*Siendo las 9:59 a.m. y no habiendo comparecido la parte demandada ni su representación legal, el Tribunal ordena a la parte demandante la presentación de prueba testifical, consistente en el testimonio de Evelyn Escanellas Llanos.*

*Finalizada y escuchada la presentación de prueba de la parte demandante, el Tribunal declara con lugar la demanda. Someta proyecto de sentencia la parte demandante en 10 días."* (Énfasis Nuestro).

El 19 de enero de 2007, el Tribunal de Primera Instancia emitió la sentencia apelada. Concluyó:

*"La parte demandante, Leonardo Maldonado Cabrera y Evelyn Escanellas Llanos, sometieron la presente acción, mediante la cual se reclama el incumplimiento de pago de cánones mensuales de arrendamiento y el correspondiente cobro de dinero."*

El 17 de noviembre de 2006 fue celebrada vista en su fondo. La parte demandante compareció acompañada de su representante legal el Lcdo. Rolando Anglada Gil. La parte demandada D'Mimbre Shop no compareció, así como tampoco compareció su representante legal el Lcdo. Armando González Maldonado.

Desfilada la evidencia, surge que al mes de noviembre de 2006, la parte demandada D'Mimbre Shop adeuda a la parte demandante la cantidad de $7,900.00 dólares por concepto de cánones de arrendamiento, los cuales incrementan mensualmente en la cantidad de $2,000.00, hasta el desalojo de la propiedad.

En corte abierta fue desistida sin perjuicio la reclamación presentada contra Eduardo Chamah, su esposa, ambos por sí y en representación de la Sociedad de Bienes Gananciales.

Fundamentado en la Ley de Procedimientos Legales Especiales de 1933, según enmendada, se declara con lugar la demanda de desahucio y se ordena el lanzamiento del demandado dentro del término de veinte (20) días, contados desde que esta sentencia sea final y firme.

Se impone el pago de $1,000.00 por concepto de honorarios de abogado, los cuales deberán ser satisfechos por la parte demandada mediante pago directo remitido al Lcdo. Rolando Anglada Gil en un término de veinte (20) días, contados a partir que esta sentencia sea final y firme.

El 26 de febrero de 2007, D'Mimbre Shop sometió una Moción de Relevo de Sentencia. Al día siguiente presentó este recurso de apelación. Planteó que el Tribunal de Primera Instancia erró: (1) al celebrar la vista del 17 de noviembre de 2006 a pesar de que se radicaron en tiempo hábil mociones solicitando transferencia de vista debidamente justificadas; (2) al emitir una sentencia luego de celebrada una vista en que D'Mimbre Shop no pudo presentar prueba a su favor; y (3) al no convertir el caso en uno por la vía ordinaria y no permitir que se ventilase una reconvención y que se llevara a cabo el descubrimiento de prueba.

El 2 de marzo de 2006, estando el caso ante nuestra consideración, el Tribunal de Primera Instancia emitió la siguiente orden:

*"Vista la Moción Solicitando Relevo de Sentencia...presentada el 26 de febrero de 2007, el Tribunal dispone:*

*Orden: Véase órdenes del 30 de octubre de 2006 y del 16 de noviembre de 2006 que se notificó Vía Email el 16 de noviembre de 2006 ya que el teléfono del Lcdo. González no fue contestado, luego de varios intentos. Se señala vista para discutir el Relevo de Sentencia para el 20 de marzo de 2007 a las 9:00 a.m."*

A pesar de que el proceso ante el Tribunal de Primera Instancia había quedado paralizado —Regla 18 de las de este Tribunal, 4 L.P.R.A., Ap. XXII-B, R. 18—, el 20 de marzo de 2007 se celebró ante el Tribunal apelado la vista para discutir el Relevo de Sentencia. La Minuta de esa vista nos informa:

*"A la vista de Relevo de Sentencia comparece el Lcdo. Rolando Anglada Gil en representación de la parte demandante y **el Lcdo. Armando González Maldonado en representación de la parte demandada, quien***

*comparece después de la hora señalada.*

*La parte demandada solicita el desistimiento de la Moción Solicitando Relevo de Sentencia y se compromete hacer entrega de las llaves del local el lunes 26 de marzo de 2007 al licenciado Anglada en su oficina. No obstante, informa proseguirá con el recurso de apelación.*

*Se solicita al licenciado González que informe un teléfono al cual se le pueda conseguir, ya que el que indica en las mociones nadie lo contesta. Además, se le informa la orden denegando la segunda suspensión no fue posible notificársela por teléfono y se le remitió por E-Mail el día 16 de noviembre de 2006 al E-Mail notificado por el licenciado González.*

*El licenciado González indica que no puede dar el número de celular porque es privado y que transferirá las llamadas a su celular.*

*La parte demandante manifiesta no tener ninguna solicitud en cuanto al lanzamiento. También, informa que el local está desocupado hace algún tiempo y que la renta adeudada por concepto de cánones de arrendamiento al mes de marzo del 2007 es $15,900.00.*

*En vista de lo anterior, el relevo de sentencia solicitado por la parte demandada es académico.*

*Se ordena la notificación de la Minuta a los abogados de récord y al Tribunal de Apelaciones."* (Énfasis Nuestro).

El 13 de marzo de 2007 le ordenamos a don Leornardo y doña Evelyn que sometieran su alegato responsivo dentro del término reglamentario. Transcurridos tres meses de radicada la apelación, no han comparecido. Fue el Tribunal de Primera Instancia el que nos notificó la minuta de la vista sobre la moción de relevo de sentencia. Aunque la citada vista no debió celebrarse sin nuestra autorización, tomamos conocimiento judicial —por lo relatado en la Minuta—, de que este recurso se tornó académico en lo que se refiere al desahucio ya efectuado. Sin embargo, está vigente la controversia relacionada con el cobro de dinero. Estamos en posición de resolver. Atenderemos cada señalamiento en el orden que nos fueron planteados.

*1. Transferencia de Vista*

La Regla 17 de las Reglas de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B, R. 17, establece en lo pertinente:

*"Cualquier solicitud de suspensión o transferencia de vista en casos civiles, por conflicto de calendario, deberá presentarse, con notificación a la otra parte, dentro de los quince (15) días siguientes a la notificación del señalamiento. Cuando medien circunstancias extraordinarias imprevisibles y fuera del control de las partes o de sus representantes legales, deberá solicitarse la suspensión en un término razonable.*

*La parte que con anterioridad a la celebración de una vista presente una moción de suspensión, de transferencia de vista o de turno posterior, o una estipulación de suspensión, o que solicite verbalmente una suspensión el día de la vista, deberá someter junto con su solicitud no menos de tres (3) fechas disponibles para la celebración de aquélla, luego de asegurarse de que estén comprendidas dentro del período para el cual el salón de sesiones en cuestión, esté señalando casos. Deberá certificar, además, que todas las partes tienen también disponibles esas fechas. Este señalamiento tendrá prioridad sobre otros. La parte promovente deberá presentar los aranceles de suspensión correspondientes, excepto cuando medie estipulación de suspensión, situación en la cual todas las partes cancelarán el arancel.*

*Todo juez y toda jueza que ordene la suspensión de una vista, bien sea en cámara o en corte abierta, deberá hacer de inmediato un nuevo señalamiento y disponer sobre la cancelación del arancel correspondiente. De mediar circunstancias que impidan tal acción, deberá consignarlo por escrito.*

*Si habiéndose denegado una solicitud de suspensión se presentare una nueva, los fundamentos para ésta deberán haber surgido después de resuelta la primera, excepto que éstos no se hubieren podido descubrir oportunamente a pesar de haberse ejercido la debida diligencia."* (Énfasis Nuestro).

El Tribunal de Primera Instancia, contrario a lo que se plantea, no tenía la obligación de transferir el señalamiento. Las Mociones solicitando transferencia de vista no cumplían con la citada regla. La primera de ellas no certifica que la parte demandante, don Leonardo y doña Evelyn, así como su abogado, tenían disponibles las 3 fechas hábiles que se esbozaron en la Moción. La segunda Moción fue presentada 2 días antes de la fecha señalada para la celebración de la vista a pesar de que la orden que pautaba la vista de desahucio para el 17 de noviembre de 2006, fue notificada el 3 noviembre de 2007. Además, el licenciado González Maldonado no había sido diligente en la tramitación del caso de su cliente. La vista se había suspendido en tres ocasiones a solicitud de él.

Surge del récord que el licenciado González Maldonado estuvo inaccesible para el Tribunal. No se pudo conseguir en su número de teléfono para notificarle que la vista quedaba pautada para la fecha señalada. Por eso se le envió por correo electrónico la orden declarando sin lugar la solicitud de transferencia de vista. Ni la parte ni él comparecieron a la vista de desahucio. El licenciado descansó en el hecho de que había presentado una solicitud de transferencia de vista dos días antes. No se cercioró que el Tribunal la hubiese resuelto favorablemente y que la vista se hubiese re señalado. Tampoco envió a otro compañero abogado o abogada que lo sustituyera ni instruyó a su cliente que compareciera. Esto hubiese evitado que el Tribunal dictase sentencia en ausencia.

Un tribunal no tiene que concederle a un abogado todo lo que pide. Su misión es evaluar las circunstancias particulares del caso y determinar si es razonable o no conferir lo solicitado. En este caso no era adecuado volver a transferir el señalamiento. Ya la vista se había suspendido en varias ocasiones porque el licenciado González Maldonado así lo había solicitado. Lo que alegadamente estaba en conflicto con la vista, era una deposición que podía ser cambiada de fecha sin que se afectase el calendario judicial. Los señalamientos judiciales tienen prioridad sobre cualquier otro proceso como los del descubrimiento de prueba que llevan a cabo las partes. El error señalado no se cometió.

## 2. Eliminación de las Alegaciones y Debido Proceso de Ley

El reto de superar la congestión de los calendarios jurisdiccionales y el buen propósito de impartir justicia rápida —porque la lenta no es justa—, no puede estar reñido con el debido proceso de ley. En *Maldonado Ortiz v. Srio. de Rec. Naturales,* 113 D.P.R. 494, 498 (1982), el Tribunal Supremo sentó una pauta dentro del orden procesal sobre la imposición de sanciones a las partes en los litigios que resume decenios de fragua:

*"Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. La experiencia señala que en la gran mayoría de los casos que presentan esta clase de dificultades –el presente caso es un ejemplo de ello-, las partes no están enteradas de la actuación negligente de sus abogados y, al advenir en conocimiento de ello, la situación es corregida de inmediato. Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le*

*despojó injustificadamente de su causa de acción y/o defensas."*

El Tribunal Supremo consideró en *Maldonado Ortiz, supra,* que *"la experiencia señala que en la gran mayoría de los casos"* cuando las partes se enteran de la actuación negligente de sus abogados *"la situación es corregida de inmediato".* Por eso sentó la pauta de que se le notificara a las partes de las advertencias de una posible sanción. Y por eso también añadió: *"Una parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción."*

Aunque la pauta específica de amonestación y sanción al abogado o abogada y la advertencia a la parte se estableció en *Maldonado Ortiz,* la doctrina en que se apoyaba no era nueva. Véase *Amaro González v. First Fed. Savs.,* 132 D.P.R. 1042, 1051 (1993). La doctrina procesal es hoy, y ha sido por décadas del rango del debido proceso de ley. Es decir, la doctrina es de orden constitucional. En *Sierra Quiñones v. Rodríguez Luciano,* resuelto el 14 de febrero de 2005, **2005 JTS 21,** 163 D.P.R. ___ (2005), el Tribunal Supremo reiteró su rango constitucional:

*"En Rivera Santana v. Superior Packing, 132 DPR 115, 124 (1992), explicamos que hay una clara política pública judicial de que "los casos se ventilen en los méritos." Allí sostuvimos además, que existe un "importante interés de que todo litigante tenga su día en corte y que la parte no sea perjudicada por los actos y omisiones de su abogado." (...) [E]n el ámbito de la Regla 37.3 de Procedimiento Civil, que rige lo relacionado con las sanciones por incomparecencia, hemos reiterado que la desestimación como sanción es una medida sumamente drástica a la que sólo debe acudirse en casos extremos en los que no exista duda sobre la irresponsabilidad de la parte así sancionada. Hace ya cuatro décadas resolvimos que "[d]esestimar... una demanda... como medio de sanción... tiene el efecto de privar a un ciudadano de la función judicial de adjudicación que forma parte de nuestra estructura constitucional, privándole la oportunidad de un día en corte para hacer valer en los méritos la legitimidad de su derecho a reclamar....". Ramírez de Arellano v. Srio. de Hacienda, 85 DPR 828, 829 (1962)."* (Énfasis nuestro)

En *Rodríguez v. Albizu,* 76 D.P.R. 631, 638 (1954) ya se había sentenciado: *"Convenimos en que una sentencia dictada contra una parte sin ser ésta oída o sin habérsele dado una oportunidad de ser oída, no es una determinación judicial de sus derechos y en su consecuencia no merece ser respetada por ningún otro tribunal. (...) Una sentencia así dictada violaría el principio constitucional del debido proceso de ley."*

D'Mimbre Shop apela una decisión del Tribunal de Primera Instancia que tuvo el efecto de eliminar o desestimar sus alegaciones por incomparecencia, según la Regla 37.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 37.3, citada en *Sierra Quiñones v. Rodríguez Luciano, supra.* La Jueza declaró con lugar el desahucio y concluyó que se adeudaban $7,900 por concepto de cánones de arrendamiento, sin que la parte afectada en este caso, D'Mimbre Shop, tuviera la oportunidad de presentar prueba a su favor y defenderse. Esta parte había alegado que había pagado los cánones de arrendamiento como contestación a su demanda. De los autos no surge que la Jueza le advirtiera a la parte que de no asistir el 17 de noviembre de 2006 a la vista señalada, se resolvería el caso en su ausencia. La norma pautada en la jurisprudencia es clara. Le impone al Tribunal la obligación de advertir a la parte antes de aplicar una sanción drástica como la de eliminar cualquier alegación. No hacerlo tiene el efecto de privar a la parte de su día en corte.

La notificación al correo electrónico del licenciado González Maldonado no subsanó ese error. El caso es de la parte, no del abogado. El error señalado se cometió. A pesar de que el desahucio se tornó académico, D'Mimbre Shop tiene derecho a presentar prueba del pago de los cánones de arrendamiento, Art. 628 del Código de Enjuiciamiento Civil, según enmendado, 32 L.P.R.A. sec. 2829.

*3. Reconvención y Solicitud para que el pleito se viera por la vía ordinaria*

La Regla 53.1(e) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1, establece que *"el recurso de certiorari para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los 30 días siguientes a la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de certiorari."* Así también, la Regla 32(d) de las Reglas de este Tribunal, 4 L.P.R.A. Ap. XXII-A, R. 32, indica que *"el recurso de certiorari para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro los treinta (30) días siguientes a la fecha del archivo en autos de copia de la notificación de la resolución u orden recurrida. Este término es de cumplimiento estricto."* (Énfasis Nuestro).

D'Mimbre Shop impugna ante nosotros dos resoluciones interlocutorias del Tribunal de Primera Instancia. En la primera de ellas, emitida el 30 de octubre de 2006, se declaró sin lugar la reconvención incoada. La otra, emitida el 9 de enero de 2006, el Tribunal declaró sin lugar la *"Moción sobre Conversión Pleito por la Vía Ordinaria"*. El término para impugnar las referidas resoluciones había transcurrido cuando se presentó el recurso que tenemos ante nuestra consideración. La apelación se incoó el 26 de febrero de 2007. El archivo en autos de la copia de la notificación de las resoluciones impugnadas ocurrió el 30 de octubre de 2006 y el 10 de enero de 2007, respectivamente. D'Mimbre Shop tenía hasta el 30 de noviembre de 2006 y el 10 de febrero de 2007 para acudir en alzada. No tenemos jurisdicción para atender este planteamiento.

Por los fundamentos que anteceden, se modifica la Sentencia apelada en cuanto dispone de la acción en cobro de dinero; se revoca solamente dicha disposición y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista y le permita a D'Mimbre Shop presentar prueba sobre el pago de los cánones de arrendamiento adeudados. Se le impone al licenciado González Maldonado una sanción de $200 por su falta de diligencia en la tramitación de este caso y se le advierte a los demandados que, de no comparecer a la vista que aquí se ordena, se le podrá dictar sentencia sin su participación.

Notifíquese a los abogados de las partes y a la parte demandada a las direcciones de récord.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones