Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ROBERT JAMES HATTON GOTAY Y OTROS<br><br>RECURRIDOS<br><br>V.<br><br>LUIS ALBERTO BERMÚDEZ COSME T/C/C LUIS BERMÚDEZ Y OTROS<br><br>PETICIONARIOS | TA2025CE00874 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2024CV03448<br><br>Sobre:<br><br>Cobro de Dinero-Ordinario y otros |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la jueza Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2026.

Comparece ante nos, el señor Luis Alberto Bermúdez Cosme ("señor Bermúdez Cosme") y la señora Lana Louise Hill ("señora Louise Hill"), en adelante, en conjunto, "los peticionarios". Solicitan nuestra intervención para que dejemos sin efecto la *"Minuta Resolución,"* transcrita el 27 de octubre de 2025 y notificada el 4 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante esta, el referido tribunal declaró *No Ha Lugar* la *"Moción Urgente en Solicitud de Desestimación de la Demanda por no haber Emplazado a la Demandada Conforme a Derecho Dentro del Término Provisto por las Reglas de Procedimiento Civil,"* en un pleito civil sobre cobro de dinero y ejecución de hipoteca, instado por el señor Robert James Hatton Gotay, su esposa la señora María de los Ángeles Rentas Costas y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en lo sucesivo, en conjunto, "los recurridos").

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

**I.**

El 27 de noviembre de 2024, los recurridos presentaron la *"Demanda"* de epígrafe. Expusieron, que son tenedores de dos (2) pagarés hipotecarios suscritos por los peticionarios a favor de JR Mortgage Home, Inc. Uno de ellos, por la suma principal de $111,200.00 y el otro por la suma principal de $27,800.00. Ambos con intereses al siete por ciento (7%) anual. Añadieron que, para asegurar las referidas obligaciones, el 8 de noviembre de 2005, los peticionarios suscribieron dos (2) escrituras de constitución de hipoteca. Ambas hipotecas gravan un bien inmueble sito en el Municipio de Juana Díaz. Alegaron, que los peticionarios no han cumplido desde el mes de noviembre de 2015 con los pagos de ambas hipotecas. En vista de lo anterior, solicitaron que se declare que las deudas son líquidas y exigibles y que los peticionarios les deben un total de $120,538.54 en concepto de principal de ambas hipotecas. A su vez, solicitaron que se declare que éstos les adeudan intereses; primas de seguro hipotecario; recargos por demora; gastos; costas; y honorarios de abogado. Adicionalmente, peticionaron la venta en pública subasta del inmueble objeto de litigio.

Posteriormente, el 29 de enero de 2025, los recurridos presentaron *"Moción en Solicitud de Emplazamiento por Edicto."* En esencia, solicitaron al foro primario que les autorizara emplazar por edicto a los peticionarios toda vez que luego de varias gestiones infructuosas no lograron emplazarlos personalmente. Además, expresaron que tras una investigación cibernética encontraron que los recurridos residen fuera de Puerto Rico. Entre las gestiones para localizar a los peticionarios, detallaron que un emplazador visitó la dirección de la propiedad en controversia; realizó una búsqueda por diversas redes sociales y llamó a distintos números telefónicos. A su vez, indicaron que este emplazador únicamente logró comunicación telefónica con la señora Louise Hill, la cual alegadamente expresó que se había divorciado del señor Bermúdez Cosme y que desconocía el paradero del referido codemandado. Ante ello

y en virtud de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, peticionaron autorización para emplazar por edicto a los peticionarios.[1]

El 7 de febrero de 2025, el foro primario notificó una *"Resolución Interlocutoria y Orden,"* mediante la cual declaró *Ha Lugar* la *"Moción en Solicitud de Emplazamiento por Edicto."*

Así las cosas, el 16 de abril de 2025, los peticionarios presentaron *"Moción Urgente en Solicitud de Desestimación de la Demanda por no haber Emplazado a la Demandada Conforme a Derecho Dentro del Termino Provisto por las Reglas de Procedimiento Civil."* En síntesis, solicitaron la desestimación de la *"Demanda"* bajo el argumento de que la declaración jurada anejada a la petición de emplazamiento por edicto es deficiente, vaga, mendaz y estereotipada. Entre sus alegaciones particularizaron, que los recurridos no habían agotado toda posibilidad razonable disponible para lograr localizar a la señora Louise Hill. Expresaron, que el emplazador no trató de obtener información de los vecinos de la propiedad visitada ni citó a la hermana del señor Bermúdez Cosme para investigar el paradero de la señora Louise Hill. Ante tales planteamientos, adujeron que no se había adquirido jurisdicción sobre la persona de la aludida señora.

En reacción, el 5 de mayo de 2025, los recurridos presentaron *"Moción en Oposición a Moción Urgente de Desestimación de Demanda."* Aseveraron, que no procede la solicitud de desestimación de los peticionarios, puesto que éstos debían ser emplazados mediante edicto por encontrarse su residencia fuera de Puerto Rico. De otra parte, alegaron que la declaración jurada presentada goza de suficiencia toda vez que el emplazador realizó esfuerzos para localizar a los peticionarios. De estos esfuerzos investigativos, según sostuvieron, surgió que los peticionarios se encuentran residiendo en los Estados Unidos. Así pues, concluyeron que la búsqueda y la información obtenida por el emplazador justifican la procedencia del emplazamiento por edicto.

---

[1] Acompañaron su petición con los siguientes documentos: *"Declaración Jurada del Emplazador;" "Proyecto de Orden;"* y *"Emplazamiento por Expedir por Edicto."*

En atención de los escritos presentados, el 8 de mayo de 2025, el foro primario notificó el señalamiento de una *"Vista Argumentativa y Evidenciara"* para el presente caso. La referida Vista se llevó a cabo el día 24 de octubre de 2025. Tras escuchar a las partes, el foro primario declaró *No Ha Lugar* la *"Moción Urgente en Solicitud de Desestimación de la Demanda por no haber Emplazado a la Demandada Conforme a Derecho Dentro del Término Provisto por las Reglas de Procedimiento Civil,"* presentada por los peticionarios. Así surge de la *"Minuta Resolución"* que hoy es objeto de revisión y que fue notificada el día 4 de noviembre de 2025.

En desacuerdo con lo resuelto, oportunamente el 10 de noviembre de 2025, los peticionarios presentaron *"Solicitud de Reconsideración de la Resolución del 24 de octubre de 2025, notificada el 4 de noviembre de 2025."* La referida solicitud fue declarada *No Ha Lugar* por el foro primario, según surge de la *"Orden"* notificada el día 17 de noviembre de 2025.

Aun en desacuerdo, el 9 de diciembre de 2025, los peticionarios presentaron ante este Tribunal un recurso de *certiorari.* Mediante este, esbozaron los siguientes señalamientos de error:

> Erró el Tribunal a quo al declarar No Ha Lugar la solicitud de desestimación radicada el 16 de abril de 2025 y la petición de reconsideración presentada el 10 de noviembre de 2025, haciendo abstracción del resto del Derecho, y en clara violación a los principios más básicos del debido proceso de ley que le asiste a la demandada en un procedimiento judicial y al no ordenar desestimar la demanda presentada en este caso.

> Erró el Tribunal a quo al autorizar el emplazamiento por edicto de la codemandada Louise Hill con una declaración jurada deficiente, débil y vaga que incumple totalmente con las disposiciones de la doctrina.

El 11 de diciembre de 2025 este Tribunal notificó una *"Resolución,"* mediante la cual, entre otras cosas, les concedimos a los recurridos el término reglamentario de diez (10) días para que presentaran su alegato en oposición al auto de *certiorari* de epígrafe.

En cumplimiento de ello, el 20 de diciembre de 2025, los recurridos presentaron *"Oposición al Recurso de Certiorari."*

Con el beneficio de la comparecencia de ambas partes procedemos a esbozar el derecho aplicable al presente caso.

**II.**

**A. Recurso de *Certiorari:***

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los

asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

    **A.**    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    **B.**    Si la situación de hechos planteada es la más indicada para el análisis del problema.

    **C.**    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    **D.**    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    **E.**    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    **F.**    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    **G.**    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su

determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    Emplazamiento:**

El emplazamiento constituye el procedimiento a través del cual se informa al demandado sobre la existencia de una demanda en su contra, lo que faculta al tribunal para ejercer jurisdicción sobre dicha persona. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018); *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 29-30 (2014); *Banco Popular v. SLG Negrón,* 164 DPR 855, 863 (2005). Mediante el emplazamiento se cumplen los requisitos del debido proceso de ley, el cual exige que el demandado sea notificado de cualquier reclamación en su contra, brindándole así la oportunidad de presentarse al juicio, defenderse y ofrecer pruebas en su beneficio. *Global v. Salaam*, 164 DPR 474, 480 (2005).

En virtud de lo expuesto, los demandados tienen el derecho a ser emplazados de acuerdo con lo establecido por la ley. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015). En caso contrario, cualquier sentencia emitida sin que el tribunal tenga jurisdicción sobre las partes o que se dicte en violación del debido proceso legal carece de validez y resulta nula. *García Colón v. Sucn. González,* 178 DPR 527, 543 (2010); *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979); *Rodríguez v. Albizu,* 76 DPR 631, 636-638 (1954).

La Regla 4.6 del Procedimiento Civil de Procedimiento Civil, regula el proceso a seguir cuando el emplazamiento al demandado se efectúa mediante edictos. En términos generales, el inciso (a) de dicha regla establece que el tribunal podrá ordenar el emplazamiento por edictos en las siguientes situaciones: (1) cuando la persona a ser emplazada esté fuera de Puerto Rico; (2) cuando estando en Puerto Rico no pudo ser

localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada; o, (3) si es una corporación extranjera sin agente residente. El inciso (a) también establece que, para que el tribunal autorice el emplazamiento por edictos, no será necesario contar con un diligenciamiento negativo previo. En su lugar, la parte interesada deberá presentar una declaración jurada que demuestre, ante la satisfacción del tribunal, las gestiones realizadas para emplazar al demandado, y que de dicha declaración o de la demanda se desprenda una reclamación que justifique la concesión de un remedio contra la persona a ser emplazada o que sea parte pertinente. 32 LPRA Ap. V, R. 4.6(a).

En cuanto a la referida declaración jurada, esta debe expresar hechos específicos que acrediten las diligencias realizadas para citar personalmente al demandado. *Sánchez Ruiz v. Higueras Pérez et al.,* 203 DPR 982, 988 (2020). A tales efectos, por ejemplo, debe expresar las personas con quienes se investigó y la dirección de estas. *Id.* Igualmente, ha sido reconocido como una buena práctica el inquirir de las autoridades de la comunidad, la policía, el alcalde o el administrador de correos, por ser las personas llamadas a conocer la residencia de quienes viven en la comunidad. *Global v. Salaam*, supra, pág. 482-483.

Ahora bien, lo anterior constituye solamente ejemplos de lo que es una buena práctica y no constituyen una enumeración cerrada de posibilidades. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 514 (1993). Es decir, los referidos ejemplos no pueden convertirse en meras alegaciones estereotipadas que se alejan de las circunstancias particulares de cada caso. *Id.* Así pues, la razonabilidad de las gestiones efectuadas dependerá de las aludidas circunstancias particulares de cada caso. *Id,* pág. 514-515. Para evaluar la suficiencia de las diligencias, el tribunal debe considerar todos los recursos razonablemente accesibles al demandante para intentar encontrar a la persona a ser emplazada y si tales recursos fueron agotados con toda posibilidad razonable. *Global v. Salaam.*, supra, a la pág. 483.

**III.**

Los peticionarios recurren de una resolución interlocutoria, por medio de la cual el foro primario declaró *No Ha Lugar* su solicitud de desestimación. A través de dicha solicitud, los peticionarios alegaron que no se había adquirido jurisdicción sobre la persona de la señora Louise Hill, puesto que los recurridos no la lograron emplazar conforme a derecho. Los peticionarios aseveraron que los recurridos no habían agotado toda posibilidad razonable para localizar a la referida señora e incumplieron así con los preceptos de la Regla 4.6 de Procedimiento Civil, *supra.* Luego de celebrar una *"Vista Argumentativa y Evidenciara,"* el foro primario procedió a declarar *No Ha Lugar* la *"Moción Urgente en Solicitud de Desestimación de la Demanda por no haber Emplazado a la Demandada Conforme a Derecho Dentro del Término Provisto por las Reglas de Procedimiento Civil, "*presentada por los peticionarios.

Tras una evaluación del expediente del caso, concluimos *denegar* la expedición del presente auto de *certiorari.*

Según expuesto, la expedición de este tipo de recursos es de naturaleza discrecional. Esta discreción se conduce a través de los parámetros expuestos en la Regla 40 del Tribunal de Apelaciones, *supra.* Así pues, al examinar los criterios recogidos en la precitada Regla, determinamos no intervenir en los méritos del asunto que hoy se nos solicita revisar. La determinación recurrida no adolece de prejuicio, parcialidad o error manifiesto. Tampoco es contraria a derecho.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del recurso de *certiorari* presentado.

Lo acuerda el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones