Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MARIBEL RODRÍGUEZ ALVARADO<br><br>RECURRIDA<br><br>V.<br><br>GINNY GRACE AVILÉS AVILÉS<br><br>PETICIONARIA | KLCE202301097 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: FA2023CV00103<br><br>Sobre:<br><br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Ginny Grace Avilés Avilés (señora Avilés o peticionaria) presentó una *Recurso de Certiorari* en el que solicita que revoquemos la *Orden* dictada por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI) el 8 de agosto de 2023. En el aludido dictamen el foro de instancia mantuvo la anotación de rebeldía en contra de la peticionaria.

Por los fundamentos que esbozaremos a continuación *expedimos* el auto solicitado y *revocamos* la determinación recurrida. Veamos.

I

El 7 de febrero de 2023, Maribel Rodríguez Alvarado (demandante o recurrida) presentó una *Demanda* contra la señora Avilés sobre liquidación de comunidad de bienes. En esencia solicitó la liquidación de una propiedad inmueble que adquirieron en común pro indiviso en un 50% mientras ambas convivían como pareja. Según alegó, ambas aportaron la suma de $125,000.00 para la compra de la propiedad y desde su separación en el 2012 la señora Avilés permaneció residiendo la misma con exclusividad.

El 8 de febrero de 2023, el TPI expidió el emplazamiento correspondiente. No obstante, antes de que transcurriera el término para diligenciarlo la demandante radicó *Moción de Emplazamiento por Edicto* en la que alegó que a pesar de las múltiples gestiones realizadas, su emplazadora no pudo localizar a la demandada en su dirección que es la del apartamento objeto de litigio. Acompañó su solicitud con una Declaración Jurada suscrita por la emplazadora, Evelyn Méndez Rivera, quien entre otros asuntos indicó que hizo una búsqueda de la demandada en las redes sociales mas no pudo localizarla.

En atención a lo solicitado el TPI autorizó el emplazamiento por edicto,[1] el cual fue publicado en el Periódico El Nuevo Día, el 11 de abril de 2023. El 24 de abril de 2023, trece días después de publicarse el edicto, la demandante notificó copia del edicto y de la demanda a la dirección postal de la demandada, mediante correo certificado con acuse de recibo a su dirección postal.[2] Ante la incomparecencia de la demandada, y a solicitud de la demandante, el TPI ordenó que se anotara la rebeldía contra la señora Avilés el 15 de mayo de 2023. Con posterioridad, dicho foro emitió una *Orden* señalando vista en rebeldía para el 25 de septiembre de 2023, la cual fue notificada a todas las partes el 22 de mayo de 2023.

El 11 de julio de 2023, la señora Avilés presentó *Contestación a la Demanda* en la que admitió que la demandante obra como dueña de la propiedad en común pro indiviso, pero negó que ésta hiciera aportación alguna en la adquisición del bien inmueble o en los pagos de la hipoteca. Ese mismo día sometió *Moción Solicitando Dejar sin Efecto Anotación de Rebeldía.* En ésta informó que no supo del procedimiento judicial pues se encontraba en Orocovis, en la residencia de su familia, desde diciembre de 2022 hasta el 3 de abril de 2023, y desde el 12 de abril hasta el 1 de mayo de 2023. Regresó a Fajardo el 12 de junio de 2023, por una cita médica y durante esa semana recibió la notificación del Tribunal sobre el

---

[1] Mediante *Orden* del 4 de abril de 2023.
[2] Véase *Apéndice* del *Recurso de Certiorari*, pág. 20.

señalamiento de la vista en rebeldía. A su vez, solicitó que se dejara sin efecto la anotación en rebeldía en su contra ya que, por una parte, la demandante no realizó todas las gestiones para emplazarle personalmente pues conocía la dirección y ubicación exacta de la casa de su familia en Orocovis, y de otro lado, incumplió con la Regla 4.6 de Procedimiento Civil al no notificarle la demanda y el edicto dentro del término de diez (10) días siguientes. La parte demandante se opuso a que se levantara la rebeldía.

Luego de evaluar la posición de ambas partes el TPI emitió la *Orden* recurrida declarando *No Ha Lugar* la solicitud para dejar sin efecto la rebeldía.[3] Aun en desacuerdo la señora Avilés presentó el recurso ante nuestra consideración en el que peticiona que revoquemos la *Orden* que mantuvo la anotación de rebeldía, pues a su juicio:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ENCONTRAR JUSTIFICADAS LAS DILIGENCIAS REALIZADAS POR LA EMPLAZADORA Y AUTORIZAR EL EMPLAZAMIENTO POR EDICTO.**
>
> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ANOTAR Y MANTENER LA ANOTACIÓN DE REBELDÍA AÚN CUANDO LA PARTE RECURRIDA INCUMPLIÓ CON LA NOTIFICACIÓN DENTRO DEL TÉRMINO DE 10 DÍAS QUE EXIGE LA REGLA 4.6 DE PROCEDIMIENTO CIVIL.**
>
> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA LA NO LEVANTAR LA REBELDÍA ANOTADA A LA PARTE PETICIONARIA CUANDO EXISTEN TODOS LOS ELEMENTOS EN DERECHO PARA LEVANTAR LA MISMA.**

La recurrida presentó su *Oposición a expedición del auto de Certiorari*. En ésta indicó que antes de solicitar el emplazamiento por edicto, su emplazadora agotó toda posibilidad razonable disponible para lograr el emplazamiento personal de la señora Avilés según se desprende de la Declaración Jurada. En cuanto a la demora para enviar por correo copia del edicto y de la demanda explicó que no fue hasta el 17 de abril de 2023 que el periódico le acreditó la fecha de publicación del edicto y que desde esa fecha es que empieza a transcurrir el término de 10 días dispuesto en la Regla 4.6 de Procedimiento Civil. En suma, solicitó que se mantuviera la

---

[3] La señora Avilés solicitó reconsideración mas el Tribunal la denegó mediante *Orden* del 8 de agosto de 2023.

anotación de rebeldía, pues a su juicio, la señora Avilés ha venido dilatando la liquidación desde los intentos extrajudiciales iniciados hace más de 10 años.

II

## A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491; *Caribbean Orthopedics v. Medshape et al*, 207 DPR 994 (2021); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, <u>anotaciones de rebeldía</u> o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). Sin embargo, tal discreción no opera en el abstracto. *Íd.* La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. El emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica a un demandado que hay una reclamación judicial en su contra y que le permite al tribunal adquirir jurisdicción sobre su persona. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29-30 (2014); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005). A través del emplazamiento se satisfacen las exigencias del debido proceso de ley, en su vertiente

procesal, que requiere que se notifique al demandado toda reclamación en su contra, para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor. *Global Gas v. Salaam Realty*, 164 DPR 474, 480 (2005).

En mérito de lo anterior, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015). De lo contrario, una sentencia que se dicta sin que el tribunal haya asumido jurisdicción sobre las partes o cuando al dictarla se ha quebrantado el debido proceso de ley, es nula. *García Colón* v. *Sucn. González,* 178 DPR 527 (2010); *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979); *Rodríguez v. Albizu,* 76 DPR 631 (1954*).*

En todas las circunstancias, el emplazamiento se diligenciará en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V. El método para emplazar que se utilice debe tener una probabilidad razonable de notificar o informar al demandado sobre la acción encaminada en su contra, de forma tal que pueda comparecer a defenderse, si así lo desea. *Márquez Resto v. Barreto Lima*, 143 DPR 137, 143 (1997).

Las Reglas de Procedimiento Civil establecen dos maneras para diligencia un emplazamiento: de forma personal o mediante edictos. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). La Regla 4.6 de Procedimiento Civil, *supra*, rige el procedimiento a seguir cuando el emplazamiento del demandado se realice mediante edictos. En lo aquí pertinente, el inciso (a) de dicha regla indica lo siguiente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal

podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden disdondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden disdondrá, además, que <u>dentro de los diez (10) días siguientes a la publicación del edicto</u> se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, <u>al lugar de su última dirección física o postal conocida</u>, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. (Énfasis nuestro). 32 LPRA Ap. V, R. 4.6(a).

Según surge de la regla antes citada, para que se permita el emplazamiento por edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después de haberse sometido una declaración jurada con la expresión de las diligencias efectuadas. *Sánchez Ruiz v. Higuera Pérez*, supra. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar encontrar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo. *Íd.*

## C. Anotación de rebeldía

La Regla 45 de Procedimiento Civil regula lo relativo a la anotación de rebeldía al disponer en lo aquí pertinente que:

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b). … Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V.

Tal cual indica la regla precitada, el tribunal tiene la facultad para *motu proprio* o a solicitud de parte, anotar la rebeldía a una parte por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción. *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015). Aunque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción debe darse dentro del marco de lo que es justo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587, 590 (2011). El efecto de la anotación es que se dan por ciertos los hechos que están correctamente alegados y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. *Íd.*, pág. 591; Regla 45.1 de Procedimiento Civil, *supra*. Para evitar que a una parte se le anote la rebeldía no basta una mera comparecencia, sino que, de la comparecencia debe surgir la intención de la parte de defenderse. *Bco. Popular v. Andino Solís*, supra, pág. 180.

Empece lo anterior, la Regla 45.3 de Procedimiento Civil, *supra,* dispone expresamente que el tribunal podrá dejar sin efecto una anotación de rebeldía por *causa justificada*. 32 LPRA Ap. V, R. 45.3. Ello quiere decir que para conseguir el levantamiento de la anotación de rebeldía la parte interesada necesita probar la causa justificada, presentando evidencia de circunstancias que a juicio del tribunal demuestran justa causa para la dilación, o probar que tiene una buena defensa en sus méritos y el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop*, supra; *Neptune Packing Corp. v. Wakenhut Corp.,* 120 DPR 283, 293 (1988). Esta regla debe interpretarse de manera liberal, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la sentencia en rebeldía. *Íd.*

Si bien bajo la Regla 45.3 de Procedimiento Civil, *supra,* el dejar sin efecto la anotación de rebeldía dependerá de la existencia de justa causa,

la Regla 45.1 de Procedimiento Civil, *supra,* también se puede utilizar para levantar la rebeldía, en aquellas circunstancias en las que se incumple con los requisitos para requerir su anotación. *Íd.* A tales efectos, y pertinente a la controversia del presente caso, el Tribunal Supremo ofreció el siguiente ejemplo:

> [E]l demandado que reclama el levantamiento de una anotación de rebeldía porque puede probar que no fue emplazado debidamente al momento de la anotación, no necesita una "causa justificada" para probar el levantamiento de esa anotación de rebeldía. Su fundamento en derecho para lograr tal levantamiento sería el incumplimiento por parte del promovente con la Regla 45.1 de Procedimiento Civil, *supra.* O sea, el promovente no podrá probar que la parte en rebeldía no contestó la demanda a pesar de haber sido debidamente emplazada, porque en realidad la parte no fue debidamente emplazada. *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580, 592 (2011).

III

La señora Avilés nos solicita que expidamos el *Recurso de Certiorari* y revoquemos la determinación del TPI que ordenó mantener la anotación de rebeldía en su contra. Esta es una de las instancias que la Regla 52.1 de Procedimiento Civil, *supra* nos faculta a revisar de manera interlocutoria. Por lo que, luego de revisar los argumentos esbozados por la peticionaria a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra*, hemos decidido expedir el auto solicitado y revocar la determinación recurrida.

La señora Avilés sostiene que el TPI incidió al mantener la anotación de rebeldía a pesar de que: 1) la demandante no agotó todos los medios disponibles para localizarla que justificara el emplazamiento por edicto; (2) la demandante incumplió con notificarle el emplazamiento por edicto en el término dispuesto en la Regla 4.6 de Procedimiento Civil, *supra,* pues le notificó habiendo transcurrido 13 días de la publicación; y (3) existen todos los elementos en derecho para levantarla. Habiendo analizado los errores señalados entendemos que el error tercero se cometió.

Según vimos la facultad del foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento

Civil, *supra,* se enmarca en la existencia de justa causa. En este caso la señora Avilés estableció en su *Moción Solicitando Dejar sin Efecto Anotación de Rebeldía* que su demora en comparecer al pleito se debía a que se encontraba en Orocovis, en la residencia de su familia, y que no fue hasta que regresó a Fajardo el 12 de junio de 2023, para asistir a una cita médica que advino en conocimiento del proceso judicial en su contra. Cónsono con ello, de la Declaración Jurada de la emplazadora surge que en dos de las tres ocasiones que visitó la dirección de la demandada, ésta no se encontraba. Además, del expediente se desprende que la notificación de la demanda y del edicto remitidas con acuse de recibo a la dirección postal de la peticionaria fueron devueltas a la remitente por no haber sido reclamada. De otro lado, es preciso considerar que en su *Contestación a la Demanda* la peticionaria alegó afirmativamente que la recurrida no hizo aportación económica alguna para la adquisición de la propiedad o para el pago de la hipoteca. A su vez conviene advertir que el caso se encuentra en una etapa inicial y que la vista de Conferencia Inicial fue señalada para el 23 de enero de 2024, por lo que el levantamiento de la rebeldía representa un perjuicio mínimo a la parte demandante.

En atención a los parámetros antes señalados, al principio cardinal de que los casos se ventilen en sus méritos y a la interpretación liberal que se recomienda en estas circunstancias, concluimos que procede dejar sin efecto la anotación de rebeldía.

En cuanto al primer señalamiento de error nos limitaremos a indicar que, si bien la emplazadora detalló varias gestiones para localizar a la señora Avilés, lo cierto es que una de esas gestiones le permitió advenir en conocimiento de la posible ubicación de ésta en Orocovis. Según surge de la misma Declaración Jurada la búsqueda de la demandada en internet arrojó el siguiente resultado:

> http://www.truepeoplesearch.com...
> Ginny G Aviles, Age 59 – Lives in Orocovis, PR
> Profile for Ginny G. Aviles, Ginny G Avilesaviles, Ginny Aviles-Aviles…[4]

---

[4] Véase *Apéndice* del *Recurso de Certiorari*, pág. 12.

Con relación al segundo señalamiento de error disponemos que el hecho de que la demandante no haya notificado copia de la demanda y del edicto dentro de los 10 días de haberse publicado el edicto no es causa suficiente para concluir que el emplazamiento por edicto fue inoficioso. Esto ya que en este caso dicha dilación no fue la razón para que la demandada se demorara en comparecer al pleito, pues según ésta misma admitió, nunca recibió dicha notificación.

IV

Por los fundamentos antes expuestos *revocamos* la determinación recurrida y ordenamos que se deje sin efecto la anotación de rebeldía en contra de la señora Avilés.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones